**ANDERSON BANTA CLARKSON PLLC**
48 NORTH MACDONALD
MESA, ARIZONA 85201
TELEPHONE (480) 788-3053

Adam C. Anderson/024314
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

### PRESCOTT DIVISION

| | |
|---|---|
| **ROBERT KENDRICK**, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| **MS SERVICES, LLC,** | |
| Defendant, | |

NOW COMES the plaintiff, ROBERT KENDRICK, by and through his attorneys, ANDERSON BANTA CLARKSON PLLC., and for his Complaint against the defendant, MS SERVICES, LLC, the plaintiff states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    Parties

4. ROBERT KENDRICK, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Show Low, County of Navajo, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Bank of the West (hereinafter, "the Debt").

6. The Debt was for an auto loan which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. MS SERVICES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arizona. Defendant is registered as a limited liability company in the State of Wyoming.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. After voluntarily surrendering a trailer to Bank of the West, on December 4, 2013, Bank of the West sent communication to Plaintiff notifying Plaintiff that the deficiency balance owed on the vehicle was $8,962.05.

15. The aforesaid letter also stated that interest would continue to accumulate daily at the amount of $1.99 beginning the date after the letter, December 5, 2013.

16. On or about February 25, 2016, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

17. The aforesaid correspondence was the initial communication with Plaintiff.

18. The aforesaid correspondence stated that the Debt had accumulated $1,734.52 in interest.

19. There are 817 days from December 5, 2013 to February 25, 2016.

20. At a rate of $1.99 per day, the debt would only accumulate $1,625.83 in that period, $108.69 less than what defendant was attempting to collect.

21. On March 16, 2016, Defendant sent another correspondence to Plaintiff in an attempt to collect the aforesaid Debt.

22. The aforesaid correspondence stated that the Debt had now accumulated $1,777.19 in interest.

23. There are 20 days from February 25, 2016 to March 16, 2016.

24. At a rate of $1.99 per day, the debt would only accumulate $39.80 in that 20 day period, $2.87 less than what defendant was attempting to collect.

25. The letter dated March 2016 stated that Defendant had been "authorized to take any lawful action necessary to enforce collection."

26. The aforesaid statement would lead the least sophisticated consumer to believe that Defendant would be pursuing legal action.

27. The aforesaid statement led Plaintiff to believe Defendant would sue him.

28. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

29. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

30. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

31. Upon information and belief, at the time of making the aforementioned threat, Defendant did not have any employees that were licensed to practice law in the State of Arizona.

32. In its attempts to collect the debt allegedly owed by Plaintiff to Bank of the West, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;
    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);
    c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);
    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);
    e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

33. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

34. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT KENDRICK, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

**ANDERSON BANTA CLARKSON PLLC**

By  /s Adam C. Anderson
    Adam C. Anderson
    48 North MacDonald Street
    Mesa, AZ  85201
    Attorney for **ROBERT KENDRICK**